IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD L. MCKENZIE,

    Petitioner,                   No. CIV-S-05-1373 RRB KJM P

   vs.

JAMES YATES, et al.,

    Respondents.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is challenging a 1998 conviction for failing to register as a sex offender. Respondents have filed a motion to dismiss arguing that this action is time-barred.[1]

        Section 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

/////

---

[1] On May 24, 2007, petitioner filed a "traverse" to respondents' reply brief. With respect to motions, the local rules authorize an opposition and then a reply. Local Rule 72-230(m). Petitioner did not seek leave to file a sur-reply. Therefore his "traverse" will not be considered.

1

1  (A) the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such
2  review;

3  (B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws of
4  the United States is removed, if the applicant was prevented from
filing by such State action;

5
(C) the date on which the constitutional right asserted was initially
6  recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively
7  applicable to cases on collateral review; or

8  (D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
9  diligence.

10 28 U.S.C. § 2244(d)(1).

11 Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on February 8, 2000, when time expired for petitioner to seek a writ of certiorari with respect to the California Supreme Court's denial of petitioner's direct appeal request for review. Resp'ts' Lodged Doc. #4 (review denied November 10, 1999); see Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). The limitations period applicable to this action began to run the next day, on February 9, 2000.

The limitations period ran for 140 days until June 28, 2000[2] when petitioner submitted his first request for collateral relief for filing in the Superior Court of Sacramento County. Resp'ts' Lodged Doc. #5 (proof of service dated June 28, 2000); see Houston v. Lack, 487 U.S. 266, 270 (1988) (under federal law, documents submitted by prisoners to courts deemed "filed" on day the prisoner submits the document to prison officials for mailing). Section 28

---

[2] 2000 was a leap year.

U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . ." Nothing in the record suggests petitioner's first collateral action was not "properly filed." Petitioner's Superior Court action was pending through September 5, 2000, when it was denied. Resp'ts' Lodged Doc. #6. Therefore, the limitations period was tolled between June 28, 2000 and September 5, 2000.

Petitioner filed his second petition for state collateral relief in the California Court of Appeal almost six months later, on February 26, 2001.[3] Resp'ts' Lodged Doc. #7. On March 1, 2001, the petition was denied without comment. Resp'ts' Lodged Doc. #8. Petitioner is not entitled to tolling while his second petition was pending because he waited an unreasonable amount of time to file it. See Evans v. Chavis, 126 S. Ct. 846, 852-54 (2006) (California collateral actions are untimely if petitioner waited unreasonable amount of time to file the action; six month delay is unreasonable); Pace v. DiGuglielmo 544 U.S. 408, 413 (2005) (untimely state collateral action not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)). Petitioner also is not entitled to tolling between the denial of his first action and the filing of his second. See Evans, 126 S. Ct. at 852-54 (nothing "pending" for purposes of 28 U.S.C. § 2244(d)(2) between denial of habeas petition at lower court and filing of an untimely habeas petition at higher court). For these reasons, the limitations period applicable to this action re-commenced the day after the Supreme Court's denial, on September 6, 2000, and ran out 225 days later on April 20, 2001.[4]

---

[3] It is not clear when petitioner submitted his second petition to prison officials for mailing. The petition bears the same signature date as the Superior Court petition, from which the court infers petitioner filed a copy of the same petition at the state appellate level. In the absence of another date, the court deems the second petition filed the day it was received by the Clerk of the California Court of Appeal.

[4] Petitioner took part in other collateral actions before California's courts but those actions do not provide a basis for tolling because they were commenced after the limitations period ran in April 2001. See Resp'ts' Lodged Docs. 9, 11, 13; see also Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

1   This action was not commenced until July 8, 2005, more than four years later.[5]

2   In opposition to respondents' motion, petitioner asserts he is entitled to "equitable tolling" of the limitations period. Opp'n at 1; Pet. at 31-33.[6] "Equitable tolling" of the limitations period is appropriate when extraordinary circumstances beyond a habeas petitioner's control make it impossible for him to file on time. See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). The court declines to consider petitioner's equitable tolling arguments, however, because all of the events petitioner points to as "extraordinary" occurred after the limitations period had run in April 2001. See Pet. at 31-33.

   Finally, petitioner appears to suggest that the court should excuse petitioner's late filing under the actual innocence exception recognized in Schlup v. Delo, 513 U.S. 298 (1995). Opp'n at 1; Pet. at 33. The Schlup exception allows a petitioner to proceed with an otherwise procedurally defaulted habeas petition if he can show that, in light of all the evidence, including evidence not produced at trial, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. Id. at 327.[7] Petitioner fails to make any attempt to satisfy the Schlup standard. He simply cites Schlup, as well as some related cases and principles. Opp'n at 1; Pet. at 33.

   Based on the foregoing, the court will recommend that this action be dismissed as time-barred.

/////

/////

---

[5] Here again, it is not clear when petitioner submitted his federal habeas petition to prison officials for mailing, and it is not dated. Therefore, the court deems this petition filed the day it was received by the Clerk of the Court.

[6] All page references to the opposition are to the page numbers assigned by CM/ECF.

[7] The court notes however, that neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has found that the actual innocence exception found in Schlup can save an otherwise time-barred habeas petition. Majoy v. Roe 296 F.3d 770, 776 (9th Cir. 2002).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' January 22, 2007 motion to dismiss be granted;

2. Petitioner's application for a writ of habeas corpus be dismissed; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2007.

_____
U.S. MAGISTRATE JUDGE

1
mcke1373.157